UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-631-H

UNITED STATES OF AMERICA                                                              PLAINTIFF

V.

MALCOLM WINSPER &                                                                    DEFENDANTS
BARBARA WINSPER


**MEMORANDUM OPINION AND ORDER**

The United States filed this action to reduce tax assessments against Defendants, Malcolm and Barbara Winsper, to a judgment and to take foreclosure on the Winspers' home. The government alleges that Malcolm failed to file a tax return for tax years 1986 through 1993 and failed to pay $112,832.00 of taxes owed. Including penalties and interest, the government alleges that Malcolm owes $901,052.17 as of January 30, 2010. Since the filing of the action, Barbara has paid off her tax debts and the government has withdrawn its tax assessment claim against her.

The government now moves for summary judgment against Malcolm, offering the declaration of the Linda Edwards, the IRS agent responsible for collecting taxes from the Winspers, and certificates of assessments, forms 4340, for the relevant tax years. Malcolm challenges the motion on a variety of grounds. For the reasons that follow, the Court finds that the government has met its burden of proving the tax debt under applicable law and Defendants have failed to rebut that evidence. Therefore, summary judgment against Malcolm is appropriate.

1

# I.

Primarily, Malcolm contends that the evidence submitted by the government is insufficient to establish its entitlement to summary judgment. For example, he argues that the government must present actual copies of the summary record signed by an assessment officer and must provide more than simple calculation sheets to show the full liabilities now owed.[1] The law on this is issue is absolutely clear. "A certificate of assessments and payments is presumptively correct and establishes prima facie proof of tax liability. *United States v. Walton*, 909 F.2d 915, 918-19 (6th Cir.1990). The burden then falls on the taxpayer to produce convincing evidence to the contrary. *Id.*" *United States v. Hillman*, 60 Fed. Appx. 563, 564 (6th Cir. 2003). *See also United States v. Noble*, 3 Fed. Appx. 331, 333-34 (6th Cir. 2001) (holding the same); *Gentry v. United States*, 962 F.2d 555, 557 (6th Cir. 1992) ("Certificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of notices and assessments that have been made.").

Because the government's evidence is clearly sufficient to establish a prima facie case, the burden shifts to Defendants to "*produce convincing evidence to the contrary.*" *Hillman*, 60 Fed. Appx. at 564 (emphasis added). Malcolm offers no evidence which is remotely close to rebutting the certificates of assessments. He does not claim that the government's calculations are incorrect, that he did not earn the stated income, or even that he paid the applicable taxes. In

---

[1] Defendants also contend that the statements of Linda Edwards cannot be used to decide the government's motion because Edwards merely conducted a review of the tax records and does not have personal knowledge of the events she recounts. Edwards has submitted a supplemental declaration clearly showing how she obtained personal knowledge. Moreover, the Sixth Circuit has expressly rejected any argument that certificates of assessments like the one filed here are inadmissible hearsay. *See United States v. Hillman*, 60 Fed. Appx. 563, 563-64 (6th Cir. 2003).

short, he offers nothing tangible to challenge the government's assertions. Without more, he cannot avoid summary judgment.

## II.

Malcolm next argues that the government has failed to comply with two statutes of limitations and, therefore, its claims are barred. The government made its assessments against Malcolm on February 8, 1999, six years after the last year for which Malcolm failed to pay taxes. It brought this action on December 3, 2008. The Court will address the government's compliance with the two relevant statutes of limitations in turn.

When a taxpayer files a federal tax return, the government must assess any taxes owed within three years of the return being filed. 26 U.S.C. § 6501(a). However, where no return is filed, "the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time." 26 U.S.C. § 6501(c)(3). The government's documentation indicates that Malcolm did not file a tax return and the IRS prepared a "substitute return" on his behalf. This documentation is presumptively correct and establishes prima facie proof that Malcolm failed to file a return. *See Hillman*, 60 Fed. Appx. at 564; *In re Rank*, 161 B.R. 406, 409 (Bankr. N.D. Ohio 1993) (holding that production of a substitute return is "prima facie good and sufficient evidence for showing that [the taxpayer] failed to file a . . . tax return"). Thus, Malcolm bears the burden of producing "convincing evidence" that he filed tax returns for tax years 1986 to 1993. *Hillman*, 60 Fed. Appx. at 564. Accompanying his response to the government's Motion for Summary Judgment, Malcolm submitted an affidavit that reads, "I filed federal income tax returns for tax years 1986, 1987, 1988, 1989, 1990, 1991, 1992, and 1993." (Malcolm Winsper Aff. ¶ 4.) He offers no further evidence.

Malcolm's affidavit statement alone is insufficient to overcome the presumptively correct certificates of assessment. Because Malcolm is asserting a statute of limitations defense, he must show not only that he filed a return for the relevant years, but also that he filed the return more than three years before the assessments were made. As a general rule, a return is deemed filed when it is received by the IRS. 26 U.S.C. § 7502 creates two, and only two, exceptions to this general rule. *Schentur v. United States*, 4 F.3d 994, 1993 WL 330640, at *4 (6th Cir. 1993) (Table opinion). A return is considered filed (1) when it is postmarked or (2) on the date when it is mailed by certified mail. Malcolm's affidavit establishes neither of these exceptions to the general requirement that a return is filed upon receipt with the IRS.

*Schentur* provides clear guidance on this issue. There, the taxpayer brought suit seeking a tax refund for overpayment. All parties agreed that he overpaid, but the government argued that he failed to file his return within three years, as required by statute. The government moved for summary judgment based on a date-stamp showing the return was received outside the three year window. The taxpayer objected to summary judgment arguing that there was a material factual dispute because he submitted an affidavit saying he mailed the return within the three year window. The Sixth Circuit rejected the taxpayer's assertion, finding that without evidence of postmarks or certified mail, the taxpayer had not raised a material factual dispute. *Id.* The same is true here. Malcolm offers no more evidence than the taxpayer in *Schentur*. Thus, he has failed to show a material factual dispute that his returns were filed more than three years before the assessments were made.

At a conference on the pending motion, Malcolm contended that the government must bring its lawsuit within 10 years of making the assessments or waive its right to collect. The

government did not contest this rule of law. However, the assessments were made on February 8, 1999 and this case was filed on December 3, 2008, within 10 years of making the assessments.

**III.**

Next, Malcolm argues that the government failed to send him notices of deficiency via certified mail prior to assessing tax liabilities, which is required by 26 U.S.C. § 6212. The government has offered copies of the notices of deficiency date stamped prior to the assessments indicating that they were mailed to Defendants via certified mail. Moreover, "[c]ertificates of assessments and payments are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the adequacy and propriety of *notices* and assessments that have been made." *Gentry*, 962 F.2d at 557 (emphasis added). Defendants offer no evidence showing that the notices were not sent or were not received; Malcolm's affidavit, the only evidence offered in response to the government's motion, is silent on the issue of notices of deficiency. Without some evidence to rebut the government's documentation, Defendants fail to raise a material factual dispute.[2]

**IV.**

In sum, the government has established its prima facie case of tax liability against Malcolm and he has offered insufficient evidence to raise a material factual dispute as to that liability. Therefore, the government is entitled to reduce its assessments against Malcolm to judgment.

---

[2]Malcolm primarily relies on *Wiley v. United States*, 20 F.3d 222 (6th Cir. 1994), where the Sixth Circuit found a material factual dispute regarding whether notices of deficiency were sent to the taxpayer. There, however, the government was unable to produce the actual notices. Here, the government has submitted copies of the actual notices sent, with the applicable date stamp showing they were sent in a timely manner. Thus, this case is distinguishable from *Wiley*.

The only remaining issue is whether the government is entitled to foreclose on Defendants' home. Between the time when the pending motions were filed and today, Barbara has paid off her tax obligations and the government has released its lien on her interest in the property. Furthermore, the Court has now clearly addressed the tax liability of Malcolm. In the original briefing on this matter, the parties minimally considered the affect of Barbara's payment and both expended a significant portion of their argument on the tax liability issue, not foreclosure. Now that the issues are properly narrowed, the Court invites the government to file a separate motion seeking foreclosure supported by a memorandum of law explaining the propriety of foreclosure within thirty days. As with all motions, Defendants will be given an opportunity to respond to the narrowed issues and the government a chance to reply. Only upon the completion of such briefing will the Court consider foreclosure.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the United States' Motion for Summary Judgment against Malcolm Winsper is SUSTAINED IN PART and the United States is awarded judgment against Malcolm Winsper for his unpaid federal income taxes for years 1986 through 1993, plus penalties and interest, in the amount of $901,052.17 as of January 30, 2010. Interest will accrue on these liabilities according to law.

IT IS FURTHER ORDERED that all claims for tax assessment against Barbara Winsper and foreclosure on her interests in real property are DISMISSED WITH PREJUDICE. While the government may not seek foreclosure on Barbara's interest in the Winspers' home, she remains an indispensable party in this litigation because the government continues to seek foreclosure on Malcolm Winsper's interest in the home.

IT IS FURTHER ORDERED that the United States' Motion to Foreclose is DENIED at this time. Within thirty (30) days the government may file a separate motion seeking foreclosure based on the findings in this Memorandum Opinion.

This is not a final and appealable order.

cc: Counsel of Record