UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08CV-631-H

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

MALCOLM C. WINSPER and BARBARA L. WINSPER                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

On July 6, 2010, this Court entered a judgment against Malcolm Winsper for unpaid federal income taxes, plus penalties and interest, in the amount of $901,052.17. In its Memorandum Opinion dated September 23, 2010, the Court found that the United States had enforceable tax liens against Malcolm Winsper's property located at 410 Belgravia Court in Louisville, Kentucky; that the factors discussed in *United States v. Rogers*, 461 U.S. 677 (1983) govern the ability of the United States to foreclose on jointly owned property; and that the Court needed additional information before deciding the issue. Now the parties have provided that additional information and the Court is in a position to chart the next course for this litigation.

While 26 U.S.C. §7403 allows a district court to authorize foreclosure sale, it "does not require a district court to authorize a forced sale under absolutely all circumstances, and some . . . limited room is left in the statute for the exercise of reasoned discretion." *Id.* at 706. The Court required the United States to make this motion precisely so that relevant issues could be raised and debated. In *Rogers*, the Supreme Court discussed the four factors that govern whether the United States may use its limited discretion to foreclose on property which implicates ownership

interest of an "innocent" third party.[1] The Court articulated four factors:

> (1) "the extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes;" (2) "whether the third party with a non-liable separate interest in the property would, in the normal course of events (leaving aside § 7403 and eminent domain proceedings, of course), have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors," (3) "the likely prejudice to the third party, both in personal dislocation costs and . . . practical undercompensation," and (4) "the relative character and value of the non-liable and liable interests held in the property."

*Id.* at 710-11. The Court will consider each factor in turn.

The current status of the case is confounded by a significant disagreement among the parties concerning the actual value of the Belgravia property in a foreclosure sale. The greater the value of the property, the stronger the argument to allow the government to foreclose. However, the government has not presented strong evidence. It avers that the property is worth $300,000, but does not present an actual appraisal. On the other hand, Defendants present a 2006 appraisal setting the value at $136,000. Both parties agree that the foreclosure sale is likely to produce only 80 percent of the appraised value.

For purposes of this discussion, the Court concludes that the government's actual appraisal is closer to the truth but that even it undervalues the property. Consequently, the Court concludes that the real value of the property is more likely to be $200,000 and that, therefore, the property would bring $160,000 at a foreclosure sale. Based upon these findings, the proceeds remaining after payment of Fifth Third's mortgage would be approximately $145,000.

---

[1] For purposes of our discussion, Mrs. Winsper qualifies as an "innocent" third party because the Government does not have a judgment against her.

Assuming that the United States could apply 50 percent of that amount toward its judgment against Malcolm Winsper, it could obtain a judgment after expenses of about $71,500 at the foreclosure sale, or about eight percent of its total tax liability judgment against Mr. Winsper.

The first *Rogers* factor does not weigh heavily for either side. Further delay in the sale of the property clearly hinders the government's timely collection of its taxes. On the other hand, the taxes have been due and owing for over a decade and the sale will result in collection of only a small portion of it. None of these factors will change materially, even assuming a higher property valuation.

For all the reasons stated in its previous Memorandum Opinion, the second factor weighs strongly in favor of Mrs. Winsper because Kentucky courts have established a policy against foreclosure on a marital residential property interest to satisfy the wrongdoing of the other spouse. *See, e.g. United States v. Real Property Located at 5205 Mount Howard Court Louisville*, *KY*, 755 F.Supp. 169 (W.D. Ky. 1990). The third factor also favors Mrs. Winsper because the relatively small amount of proceeds due Mrs. Winsper, estimated at no more than $71,500, will not permit Mrs. Winsper to relocate to other reasonable housing. The property valuation would need to rise dramatically for this analysis to change.

Even assuming that Mrs. Winsper's current interest in the property is only 50 percent, that is substantial compared to her husband's interest, and, there is a reasonable possibility that her interest could be greater than 50 percent. The possibility that the government would collect less than $71,500 means that its interest in foreclosure is diminished compared to Mrs. Winsper's ongoing marital interest. In sum, the United States has not presented sufficient evidence supporting the exercise of its authority to force the sale of the property and collect Mr.

Winsper's share of the sale.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of the United States to reopen and extend discovery is DENIED.

IT IS FURTHER ORDERED that Plaintiff's motion for an order of foreclosure is DENIED at this time.

This is a final order.

cc:     Counsel of Record