UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:08-CV-631-H

UNITED STATES OF AMERICA             PLAINTIFF

V.

MALCOLM C. WINSPER               DEFENDANT

**MEMORANDUM OPINION AND ORDER**

  This case involves the foreclosure of federal tax liens against certain real property jointly owned by taxpayer Malcolm Winsper and his nonliable spouse, Barbara Winsper.[1] In an order issued in November, 2010, this Court exercised its discretion to deny the request of the Government to foreclose on the residence of Malcolm and Barbara Winsper based on its consideration of the four factors in *U.S. v. Rodgers*, 461 U.S. 677 (1983). DN 54. Concluding that this Court misapplied *Rodgers*, the Sixth Circuit reversed and remanded, noting "appropriate reconsideration must include an opportunity for additional discovery with respect to the *Rodgers* factors."

  Upon remand, parties entered into an agreed order that reopened discovery for the limited purpose of additional discovery with respect to the *Rodgers* factors. Discovery was set to be completed by all parties by July 8, 2013. The Government served discovery concerning the *Rodgers* factors on May 18, 2013. Upon receiving what the Government perceived to be deficient answers to its 12 interrogatories and single request for production, and after it reached out to Ms. Winsper, the Government lodged a motion to compel.

---

[1] The facts of this case are chronicled in detail in the Sixth Circuit opinion, DN 62, pp.1-4.

In an order dated July 29, 2013, Magistrate Judge Whalin sustained the Government's motion to compel, finding "the interrogatories and request for production…fall well within the scope of the parties' agreed order, as well as the direction of the Sixth Circuit in the *Winsper* opinion." In doing so, the court rejected Defendant's arguments that (1) the Government had not complied with proper procedure before filing its motion to compel; (2) re-opening discovery as to the second and fourth *Rodgers* factors would violate the law of the case doctrine; and (3) the Government's request for production of documents lacks the "reasonable particularity" required by Federal Rule of Civil Procedure 34.

Defendant challenges the magistrate's conclusions as "contrary to the law" and urges this Court to either modify or vacate and set aside the 7/29 order under the authority of Federal Rule of Civil Procedure 72(a). After careful consideration of each of Defendant's objections, this Court affirms the magistrate's order in full.

I.

Under Federal Rule of Civil Procedure 72(a), a district judge may only set aside a nondispositive order of a magistrate judge if the decision is clearly erroneous or contrary to law. A finding is "clearly erroneous" when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Agric. Servs. Ass'n, Inc. v. Ferry-Morse Seed Co., Inc.*, 551 F.2d 1057, 1071 (6th Cir. 1977) (quoting *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948)). An order is "contrary to the law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Gresham v. Correctional Medical Services, Inc.*, 2010 WL 3385355 (W.D. Mich. 2010) (internal citations omitted). A district court owes substantial deference to a magistrate judge in considering a magistrate judge's ruling on a non-dispositive motion, and reversal or

modification is warranted only if that discretion is abused. *See, e.g., Guiden v. Leatt Corp.*, 2013 WL 4500319, at *3-4 (W.D. Ky. 2013). "That reasonable minds may differ on the wisdom of a legal conclusion does not mean it is clearly erroneous or contrary to law." *Id.* at *3 (quoting *Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006).

II.

Here, the Magistrate's Opinion and Order compelling Barbara Winsper to answer the United States' discover requests was neither clearly erroneous nor contrary to law.

In opposing the Government's motion to compel, Defendant first urged summary denial on the basis that the Government's communications did not comply with the requirements found in both FRCP 37(a)(1) and Local Rule 37.1 for certification and that counsel "confer" prior to filing any discovery motions found in both FRCP 37(a)(1) and Local Rule 37.1. Rather than actually "conferring" with Defendant's attorney, the Government sent a single demand letter that lengthily outlined alleged deficiencies with the proffered discovery answers, requested updated answers, and advised Defendant's attorney that it would be forced to file a motion to compel if the responses were not updated by the specified date.

Though the parties did not engage in a traditional conference, the magistrate found"[n]o substantial violation of Rule 37(a)(1) or Local Rule 37.1 has occurred." As the magistrate pointed out, the Government did communicate with opposing counsel prior to filing a motion to compel in accordance with the Rules' requirements, and the declaration of counsel confirming its correspondence with the Defendant served the "same purpose" as a "certification" styled as such. Defendant cited a case from another federal district for the proposition that a single letter from counsel made in an effort to resolve a discovery dispute was not sufficient. The Magistrate properly found the case to be of little persuasive value. Opinions of other federal district courts

can be helpful, but they are not binding on this Court. Further, as the Magistrate pointed out, Defendant has failed to demonstrate that it would have altered its discovery objections to meet the Government's concerns had the Government handled the dispute any differently. The finding that the Government has established substantial compliance with applicable rules is neither clearly erroneous nor contrary to controlling law.

Defendant also objected and refused to answer certain interrogatories on the ground that the Sixth Circuit had "already resolved" certain *Rodgers* factors in her favor. Defendant argues that reopening discovery on the second and fourth factors violates the law of the case doctrine. This argument fails to afford proper regard to the Sixth Circuit's remand opinion or the clear language of the agreed order. Neither the agreed order nor the remand opinion contemplates limiting additional discovery to specific *Rodgers* factors.

Under the law-of-the-case doctrine, findings made at one point in the litigation become the law of the case under subsequent stages of that same litigation, but an exception applies where new evidence is available. *Entertainment Productions, Inc. v. Shelby Co., Tenn.*, 721 F.3d 729, 742 (6th Cir. 2013) (citing *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009)).[2] The Sixth Circuit explicitly anticipated there being "new evidence" that could affect the district court's consideration of the four *Rodgers* factors as they relate to Ms. Winsper: "Because the estimated value of the property and other relevant circumstances may have changed during the pendency of this appeal, appropriate reconsideration must include an opportunity for additional discovery with respect to the *Rodgers* factors." The agreed order also contains no limitations as to any particular *Rodgers* factor. Given these circumstances, the magistrate judge did not clearly err or act contrary to the law when it ruled

---

[2] That neither party cited the applicable exception to the law-of-the-case doctrine does not make the magistrate's reference to it "contrary to the law." DN 85, p. 7.

that Winsper could not rely on the law-of-the-case doctrine in order to avoid answering those interrogatories she contends relate to the second and fourth *Rodgers* factors.

Finally, the Magistrate persuasively distinguished the two cases Defendant relied on to support its argument that the single request for production the Government propounded was materially deficient. DN 84, pp. 8-9. The Government's request for all documents that Winsper relied on or that support her responses to the Government's first set of interrogatories is not an "all-encompassing demand[] that do[es] not allow a reasonable person to ascertain which documents are required." *In re Asbestos Products Liability Litigation*, 256 F.R.D 151, 157 (E.D. Pa. 2009) (internal citations omitted). The Magistrate's finding that the Government's request meets the particularity requirements of Federal Rule of Civil Procedure 34(b)(1)(A) is not clear error or contrary to the law.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Magistrate's order granting the Plaintiff's motion to compel is SUSTAINED.

IT IS FURTHER ORDERED that Ms. Winsper shall have until **October 24, 2013**, to supplement her discovery responses and the deadline for completion of discovery is hereby extended to and including **November 25, 2013**.

cc: Counsel of Record