UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. No. 3:08-CV-631-H

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.

MALCOLM C. WINSPER, et al.,                                                      DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

For the second time, the Court considers essential aspects of this case. Previously, the Court entered summary judgment for the United States (the "Government") against Defendant, Malcolm Winsper ("Winsper"), reducing to judgment the tax assessment against Mr. Winsper in the amount of $901,052.17. Because foreclosure on that amount would have affected spousal property, the Court, on motion of the parties, applied the factors in *United States v. Rodgers*, 461 U.S. 677, 709 (1983) and found that the Government could not foreclose on the Winspers' residence under the circumstances. *See United States v. Winsper*, No. 3:08CV–631–H, 2010 WL 3829408 (W.D. Ky. Sept. 23, 2010), *rev'd*, 680 F.3d 482 (6th Cir. 2012).

On appeal, the Sixth Circuit held that the Court abused its discretion and remanded the case for this Court to revisit the *Rodgers* factors. *United States v. Winsper*, 680 F.3d 482, 489 (6th Cir. 2012). Upon remand, the Court allowed Mrs. Winsper additional time to submit evidence as to the *Rodgers* factors. The Court now revisits the *Rodgers* factors.

**I.**

The United States government has the power to place a lien "upon all property and rights to property, whether real or personal, belonging to such person" if a citizen fails to pay taxes. 26 U.S.C. § 6321; *see United States v. Rodgers*, 461 U.S. 677, 681–82, (1983). There is no dispute that here, a federal tax lien can attach to Winspers' residence. *See Winsper*, 680 F.3d at 488. It is also clear that "§ 7403 does not require a district court to authorize a forced sale under absolutely all circumstances, and that some limited room is left in the statute for the exercise of reasoned discretion." *Rodgers* at 706.

The Sixth Circuit held that this Court misapplied three of the four *Rodgers* factors and that contrary to the Court's previous understanding, "the *Rodgers* factors do not address the scope of the government's discretion to foreclose, but, rather, the district court's discretion not to foreclose." *Winsper*, 680 F.3d at 489 (emphasis omitted). The Sixth Circuit has emphasized that the *Rodgers* factors constitute a balancing test that control the Court's limited discretion. *See United States v. Barr*, 617 F.3d 370, 376 (6th Cir. 2010), *cert denied*. The Court will reexamine the *Rodgers* factor balancing test to determine whether or not it should exercise its discretion to deny foreclosure of the Winspers' spousal property to satisfy Mr. Winsper's tax lien.

**II.**

The first factor from *Rodgers* is "the extent to which the Government's financial interests would be prejudiced if it were relegated to a forced sale of the partial interest actually liable for the delinquent taxes." *Rodgers* at 710. If the sale of Mr. Winsper's partial interest in the spousal property (here, the Winspers' primary residence) could satisfy the debt owed to the Government, then a forced sale of it would be unnecessary. However, the Sixth Circuit held that "given the

minimal value of Malcolm Winsper's partial interest, the government has a greater interest in a forced sale of the entire property." *Winsper* at 490.

On the other hand, the Supreme Court's enunciation of the rule itself suggests that "the extent"—something quantifiable—matters to a court's analysis. Here, the dollar amount difference between a sale of Mr. Winsper's interest and the full amount is $71,500.[1] This is a sizeable difference, thus, on reexamination, the Court agrees with the Sixth Circuit that this factor is not neutral but weighs in the Government's favor.

The Sixth Circuit reasoned that neither the lengthy period of time that had elapsed nor the small percentage of total indebtedness that the forced sale of marital property would satisfy negated the potential prejudice to the Government of being allowed to foreclose only on Mr. Winsper's partial interest. *Winsper*, 680 F.3d at 489-90. This Court previously relied on the discussion in *United States v. Reid*, 127 F. Supp. 2d 1361 (S.D. Ga. 2000), regarding the age of the assessment but the Sixth Circuit held that that case is not analogous here. *Id*. at 490.

Finally, the Sixth Circuit held that this Court was mistaken to rely on *Reid* and consider "the percentage of the debt that would be satisfied rather than the dollar amount that would be collected." *Id*. at 490-91. The Circuit Court held that the percentage of debt to be fulfilled is not important in terms of the potential prejudice to the Government's financial interests. *Id.*

Mrs. Winsper has introduced no new arguments on this factor. Therefore, overall, the first *Rodgers* factor weighs clearly in the Government's favor.

---

[1] *See Winsper*, 680 F.3d at 487. This Court concluded that the real value of the residence was roughly $200,000 and it was agreed that after a forced sale and payment of the mortgage interest and expenses of the sale, the Government would receive about $71,500.

3

**III.**

The second factor from *Rodgers* asks "whether the third party with a non-liable separate interest in the property would, in the normal course of events (leaving aside § 7403 and eminent domain proceedings, of course) have a legally recognized expectation that that separate property would not be subject to forced sale by the delinquent taxpayer or his or her creditors." *Rodgers* 461 U.S. at 710. The Sixth Circuit agreed with this Court's finding that this factor weighs in favor of Mrs. Winsper and the Court did not abuse its discretion because "the government concedes that Kentucky law provides a legally recognized expectation that property owned by a husband and wife as tenants in the entirety will not be subject to forced sale to satisfy the debts of one spouse." *Winsper*, 680 F.3d at 491 (citing *Raybro Elec. Supplies, Inc. v. Barclay*, 813 F.Supp. 1267, 1269 (W.D. Ky. 1992)). Nothing has changed this assessment.

**IV.**

The third *Rodgers* factor considers "the likely prejudice to the non-liable third party both in 'personal dislocation costs' and 'the sort of practical undercompensation described [in the context of the sale of a homestead interest].'" *Winsper*, 680 F.3d at 491 (quoting *Rodgers*, 461 U.S. at 711). The Sixth Circuit found that this factor did not weigh in Mrs. Winsper's favor, as this Court had previously held. *Id.* at 492.

This Court previously found that the $71,500 from a forced sale of the residence would not allow Mrs. Winsper to find other reasonable housing. The Sixth Circuit held that this conclusion was unsupported speculation. *Id.* While admitting that Mrs. Winsper could be prejudiced by practical undercompensation, the Sixth Circuit wrote that that fact is not self-evident or supported by the record. *Id.* The Circuit found that leaving "a home with enormous

sentimental value would itself not present special circumstances of prejudice that weigh against foreclosure of the entire property." *Id*.

Once again, Mrs. Winsper has not provided any significant new evidence of this issue. Consequently, this Court has no basis to find contrary to the Sixth Circuit. The Court concludes that the third factor weighs in favor of the Government.

V.

The fourth *Rodgers* factor instructs that "a court should consider the relative character and value of the non-liable and liable interests held in the property." *Rodgers*, 461 U.S. at 711. If the non-liable third party has an interest in the property and "that interest is worth 99% of the value of the property, then there might well be virtually no reason to allow the sale to proceed." *Id*. The Court previously concluded that Mrs. Winsper's interest in the property is 50% or more but the Sixth Circuit held that "any claim that Barbara Winsper might have an interest in the property greater than 50% based on the likelihood that she will outlive her husband is precluded by this court's decision in *Barr*." *Winsper*, 680 F.3d at 492; *see Barr*, 617 F.3d at 372. Furthermore, Kentucky law clearly says that tenants in the entirety have identical property rights and there would be an equal division of the rights even if the tenancy by the entirety was terminated. *Winsper*, 680 F.3d at 492 (citing *Cowan v. Pleasant*, 263 S.W.2d 494 (Ky. 1953)). Ultimately, the Sixth Circuit suggested this fourth factor is neutral in this case because Mrs. Winsper has a possessory interest but there is no reason to believe that her interest "swamps the interest of the delinquent taxpayer." *Winsper*, 680 F.3d at 493 (citing *Barr*, at 377 n.1) (Batchelder, J., dissenting in part)).

Nothing has changed since the Sixth Circuit ruling. On reexamination of this factor, the Court agrees that this factor is neutral here.

# VI.

In light of the Sixth Circuit's ruling in this case, the Winspers have conceded that the first *Rodgers* factor, if properly applied, would not weigh against her.[2] The Winspers suggest that the Sixth Circuit opinion does not offer enough guidance in terms of the third *Rodgers* factor and asked that the Court consider that factor in light of the reasoning put forth in *United States v. Marciello*, No. 09–12089–JLT, 2013 WL 1282385 (D. Mass. Jan. 28, 2013). The Court has determined that the Sixth Circuit guidance is sufficient to find that it weighs in favor of the Government. Defendants have supplied no other reason to suggest that the Court should use its limited discretion in order to deny the foreclosure of their property.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Government's Motion for Summary Judgment is SUSTAINED, and Defendants' Motion for Summary Judgment is DENIED. Therefore, the Government is entitled to foreclose on the Winspers' residence.

This is a final order.

cc: Counsel of Record

---

[2] DN 94, p. 8-9.